BANK OF WASHINGTON, (TRIPLETT v.) See Case No. 14,178.

---

## Case No. 955.

BANK OF WASHINGTON v. WALKER.

[Hayw. & H. 53.][1]

Circuit Court, District of Columbia. Dec. 21, 1841.[2]

USURY—WHAT CONSTITUTES — DISCOUNTING—NOT A QUESTION FOR THE JURY.

1. Where there was an application to a bank for a discount upon a note to be secured collaterally, and the party applying drew checks upon the bank, which were paid before the note was actually discounted, and the bank treated the note, when discounted, as having been so discounted on the day of its date, instead of a subsequent day, on which its proceeds were carried to the credit of the party, it was *held* not to be usury.

2. It is incompetent for the jury, in case of a written contract or agreement, to pass upon the question of usury; it is exclusively for the decision of the court.

[At law. Suit by the president and directors of the Bank of Washington against John Walker on a promissory note. Tried by jury. Verdict and judgment for plaintiff. The defendant, by writ of error, subsequently took the case to the supreme court, where the judgment was affirmed in Walker v. Bank of Washington, 3 How. (44 U. S.) 62.]

J. Hellen, for plaintiff.

Brent & Brent, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Affirmed in 3 How. (44 U. S.) 62.]

This action was brought upon the following note: "$10,000. City of Washington, May 9, 1840. Thirty days after date I promise to pay to Henry Walker, or order, ten thousand dollars, for value received, negotiable and payable at the Bank of Washington. Jno. Walker. Credit the drawer." It was indorsed by Henry Walker, Lewis Walker and John Walker. The defendant's plea was usury.

The facts of the case were, that: John Walker, the defendant, desired to obtain a loan for the purpose of purchasing cattle, and addressed a letter to the bank to that effect, assenting to assign as security an accepted draft of a certain navy agent. He executed a promissory note in favor of Henry Walker or order for $10,000. The note on which suit is brought is a renewal of it and dated as above. The plaintiff gave in evidence the note and proof of the handwriting of the defendant to the same.

The defendant then gave evidence tending to show that the note was given in renewal of a previous note similarly signed and indorsed, payable ninety days after date, which was discounted by the plaintiff at the request of the defendant, for his accommodation, as a loan, on the 18th of February, 1840, but not passed to his credit until the 22d of February, 1840, at which time an officer of the plaintiff deducted from the proceeds of said note the interest on the same, computing from the 6th of February, 1840, the date of said note, for the period of ninety-four days, and that said note nowhere appeared on the books of the plaintiff until the 18th of February, 1840; that the whole amount credited by plaintiff to the defendant, as the consideration of said note dated the 6th of February, 1840, and discounted only on the 18th of February, 1840, and passed to defendant on the 22d of the same month, was the sum of $9,843.33; and that the sum of $156.67 was taken by said plaintiff as the interest upon said note for the time said note was discounted, that said note of the 6th of February, 1840, was surrendered to the defendant upon the execution of the said note of the 9th of May, 1840, the last being but a renewal of the former, and that the plaintiff credited the defendant on account of said note of the 9th of May, 1840, only the sum of $9,843.33 and took as interest the sum of $156.67, which was exacted from the defendant.

The plaintiff then gave in evidence that on the 20th of January, 1840, the defendant had checked out of plaintiff's bank $1,224.93, on the 6th of February, 1840, $2,500, and on the 21st of February, 1840, $7,000, all of which were charged to defendant on the books of the plaintiff, and no moneys or funds appeared to his credit at the time of drawing out said sums of money; that on the 22d of February, 1840, the plaintiff credited said defendant with $9,843.33, as the proceeds of said note of the 6th of February, 1840, and

the balance then appearing to be due to the defendant on the books of the plaintiff, after charging him with the several amounts so drawn out by him previous to the 22d of February, 1840, was $997.86.

The defendant gave in evidence that the said note of the 6th of February, 1840, was brought on or after the 11th of February, 1840, it being a discount day, by the president or a book-keeper of the plaintiff, to the discount clerk, a witness in the case, and given by him as a note not done, or not passed, by the board of directors, and that said note remained in the hands of said clerk until the 18th of February, 1840, when it was passed by the board, and on the 22d of February, 1840, the sum of $9,843.33 was passed to defendant's credit as the net proceeds of said note, and that interest at the rate of six per centum per annum on $10,000, computed from the date of said note, for ninety-four days, was reserved at the time of entering such credit by direction of some officer of the plaintiff; and that it was the usual practice of plaintiff to take on discounts only from the time of making the discount; and that it does not appear that defendant was credited on plaintiff's books with the interest computed from the 6th of February, 1840. The defendant asked the cashier whether the amounts drawn out of bank by the defendant previous to the 22d of February, 1840, were not charged on the books as overdrafts, and were not allowed as the personal credit of the defendant. The said cashier answered that he had no doubt but that the defendant was allowed to check upon said note of the 6th of February, 1840, before the same was entered to his credit on the books. And being asked further for the reasons of this opinion, he stated that he had no recollection of said note being in bank previous to the 18th of February, 1840, or of its existence, or of any arrangement with reference to it previous to that date, and that the amounts so checked out previous to the 22d of February, 1840, would not have been paid on defendant's checks, but for the knowledge, on the part of the cashier, that he, the defendant, had a large contract with the navy department for the supply of beef, and the defendant had given to the plaintiff good collateral security, from which, however, no surplus resulted after paying the defendant's antecedent liabilities, and that the said advances made to the defendant after the 6th of February, 1840, and previous to the 22d of February, 1840, were made on security given, or to be given, but he does not know of any security given during that time, except the defendant's letter of the 30th of January, 1840, a bill of sale by defendant to plaintiff of his barrelled beef, dated the 20th of February, 1840, and two acceptances of the navy agent dated respectively the 19th February, 1840, and the 2d of April, 1840, and the note dated the 6th of February, 1840, of which the said

cashier has no recollection, until the 18th of February, 1840; and that he is satisfied that said advances were not made on the personal credit of defendant, and from all the above circumstances, he has no doubt that said note of the 6th of February, 1840, was in bank from the time of its date, and that defendant was allowed to check on said note from the day of its date. There was considerable evidence taken to show that the Virginia notes paid to the defendant by the plaintiff were depreciated, being ½ to 1 per cent. less than the notes of the banks of the District or notes of the banks of Baltimore, Maryland.

The following prayers, among others, were offered by the defendant:

1st. The defendant moved the court to instruct the jury that the facts mentioned by said cashier are evidence, but the inferences or opinions of said cashier are not evidence, but the court refused to give such instructions as prayed, but instructed the jury that inferences or opinions of said witness are not of themselves evidence of the facts so inferred, but that the facts stated by the witness, as the ground of his inference or opinion, are competent to be given in evidence to the jury, together with the inference or opinion of the said witness; from which facts the jury are to judge whether such inferences and opinion are justified by the facts stated. The defendant, through his counsel, excepted to the said refusal and to the instructions so given.

2d. If the jury believe, from the evidence aforesaid, that the plaintiff on the 18th of February, 1840, agreed to loan the defendant the sum of $10,000, and on the 22d of February, 1840, credited him with $9,843.33, on plaintiff's books, as the proceeds of a loan made on his note for $10,000, dated the 6th of February, 1840, and payable in 90 days, and the retained interest upon said $10,000 computed from the date of said note for the time it had to run, then the presumption of law is that there was usury in said transaction and the burden of proof is on the plaintiff to show mistake or inadvertence in the reservation of said illegal interest.

Which THE COURT refused to give as prayed by the counsel for the defendant, but instructed the jury, that, if they believe from the evidence aforesaid, that interest was taken by the bank officers from the date of said note instead of the day on which it appears to have been discounted for the purpose of obtaining and exacting thereby more than lawful interest from the defendant, then such taking and exaction would be usury. But if interest was so taken because the defendant had been, from the date of the said note, allowed by the plaintiff to check upon the credit of the said note and its accompanying securities for the amount of said note, deducting the regular discount therefrom from the date of the note; or if it was taken by the mistake or inadvertence of the officer who made the calculation or entry, or directed them to be made, without any intention to exact unlawful interest; or, if the jury believe that the clerks and officers of the plaintiff were uniformly directed and required by the plaintiff in all discounts and negotiations of the plaintiff, to demand and take no more than lawful interest, and that, notwithstanding such direction they (the officers) did take the interest on this note from its date, either from mistake or from believing that the defendant ought to be charged such interest, because they believe that he had been allowed to check for the proceeds of said discount from the date of the note, and that such calculation and charge of such interest was so done by said clerk or officer without the knowledge or consent of the plaintiff and against its direction as aforesaid, then such taking and charging such interest was not usury. To which refusal of the aforesaid instruction prayed by the defendant's counsel, and to the instruction so as aforesaid given at the prayer of the defendant's counsel, the defendant excepted.

3d. If the jury believe from the evidence aforesaid that the advances to defendant named in the evidence were not made upon the note of the 6th of February, 1840, and that the plaintiff, upon discounting the said note, received or reserved more than at the rate of 6 per centum per annum, then the said jury may infer usury from the whole evidence aforesaid in said note of the 6th of February, 1840, which was refused, the court having already refused an instruction covering the same point.

4th. If the jury believe from the evidence aforesaid that the note of the 9th of May, 1840, was given in renewal of a former note of the defendant dated on the 6th of February, 1840, payable in ninety days after date, and which last note was discounted by the plaintiff as a loan to the defendant of the 18th of February, 1840, but was not passed to the credit of the defendant until the 22d of February, 1840, and that the said plaintiff then charged and received interest upon the same from the date of the said note, to wit, from the 6th of February, 1840, it is the taking above six per centum per annum for the loan of the money made to the defendant upon said note, and is usury; and the defendant is entitled to a verdict in his favor upon said note notwithstanding the jury may find from the evidence that the defendant had overdrawn his account as stated in the evidence, unless they further find that the said interest reserved as aforesaid was credited to defendant's account as a credit to take effect from the 6th of February, 1840.

But THE COURT refused to give the above as prayed to which refusal the defendant, through his counsel, excepted.

5th. It is competent for the jury, from

all the circumstances in evidence, to infer usury in the agreement or agreements on which the notes in suit were founded.

THE COURT refused to grant this last prayer, to which refusal the counsel for the defendant excepts.

Verdict for the plaintiff for $10,000, with interest from June 11th, 1840, till paid.

This case was taken to the supreme court of the United States by writ of error, and affirmed. See [Walker v. Bank of Washington,] 3 How. [44 U. S.] 62.

NOTE, [from original report.] The supreme court laid down this rule of law in [Walker v. Bank of Washington,] 3 How. [44 U. S.] 62: "The mere change of securities for the same usurious loan to the same party who received usury or to a person having notice of the usury, does not purge the original illegal consideration, so as to give a right of action on the new security."